# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CATHY J. BANNICK,

    Plaintiff,

v.                                       Case No. 06-10179

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                /

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION, AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION

In this review of a denial of a claim for Social Security Disability Insurance Benefits ("DIB"), Plaintiff Cathy Bannick claims she is disabled due to back, neck and shoulder impairments. Her application for DIB alleges an onset date of February 13, 2002. (Tr. 44.) The Administrative Law Judge ("ALJ") found that, while Plaintiff suffered from "severe" impairments, they did not meet or equal any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. (Tr. 21.) The ALJ further found that her impairments did not prevent her from being able to perform a significant number of sedentary jobs in both the regional and national economies. (Tr. 21-22.) The ALJ thus found that Plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 21.)

Plaintiff filed the instant action seeking review of the ALJ's decision and the parties filed cross-motions for summary judgment. On February 8, 2007, Magistrate Judge Virginia Morgan issued a Report and Recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's

motion for summary judgment and deny Plaintiff's motion for summary judgment. On February 13, 2007, Plaintiff filed timely objections to the Magistrate Judge's report and recommendation. The court will deny Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion for summary judgment and deny Plaintiff's motion.

## I. STANDARD

### A. Substantial Evidence Standard

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial

evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and De Novo Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the

3

district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

### A. Objection # 1

Plaintiff first objects that the Magistrate Judge erred in finding that "no physician made any mention of range of motion restrictions related to her lumbar spine condition or placed any specific restrictions upon her activities." (R&R at 11.) Plaintiff argues that this finding is contrary to the record because Dr. McComb found that Plaintiff was "incapable of continuing her regular activity level including employment activities." (Tr. 377.) Dr. McComb, however, failed to indicate any *specific* restrictions on Plaintiff's activities, finding only that she could not continue her regular employment. (*Id.*) The Magistrate Judge's statement, therefore, is fully supported by the record and Plaintiff's first objection is denied.

### B. Objection # 2

Plaintiff next objects to the determination by both the ALJ and the Magistrate Judge that Plaintiff was not disabled for more than twelve months. Plaintiff cites various records for the proposition that she was disabled as early as January 14, 2002 even though, in her application, Plaintiff alleged an onset date of February 13, 2002. (Tr. 44.) While Plaintiff alleges additional records in 2003 which purportedly support her claim for

4

disability, the ALJ considered all of Plaintiff's medical records in reaching his decision about the severity of her impairments. (Tr. 22.) None of the records to which Plaintiff cites conclusively establish that she was disabled for a period of twelve consecutive months. Moreover, the court is not persuaded that the ALJ was required to indicate an onset date or cessation date of Plaintiff's alleged disability where, as here, the ALJ found that Plaintiff was not disabled. *Key v. Callahan,* 109 F.3d 270, 274 (6th Cir. 1997) ("Since there was no finding that the claimant is disabled as a result of his mental impairment or any other impairments or combination thereof, no inquiry into onset date is required."). The court finds that the ALJ's determination that Plaintiff was not disabled for more than twelve months is supported by substantial evidence and the Magistrate Judge did not err in so stating.

### C. Objection # 3

Plaintiff's third objection challenges the Magistrate Judge's statement that "[a] significant factor weighing against [P]laintiff is a lack of objective medical findings consistent with the level of pain she has reported." (R&R at 11.) Plaintiff argues that her medical records clearly establish an objective source of the alleged pain, arthritis and post laminectomy screw placement, and the Magistrate Judge "misconstrued an alleged lack of *neurological* deficits as a lack of objective medical findings." (Obj. at 11 (emphasis added).) The court disagrees. Plaintiff's objection relies on the erroneous assumption that the Magistrate Judge's finding relies *solely* on the lack of neurological deficits, rather on than the medical records as a whole. A complete reading of the Magistrate Judge's report reveals, first, that the Magistrate Judge identified the relevant legal standard as set forth in *Walters v. Comm'r of Social Sec*, 127 F.3d 525 (6th Cir.

5

1997) and, second, correctly applied that standard by analyzing the medical records for objective evidence of the severity of Plaintiff's pain.

In *Walters*, the Sixth Circuit stated that, when evaluating a claimant's assertions of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* at 531 (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)).  Here, the Magistrate Judge correctly concluded that the ALJ's evaluation of Plaintiff's allegations of pain was supported by substantial evidence because, while there is objective evidence of an underlying medical condition ("impairments of the left shoulder, lumbar spine, and cervical spine" (R&R at 10)), there is no objective evidence supporting the *severity* of the alleged disabling pain.  Specifically, the court agrees with the Magistrate Judge's conclusion that substantial evidence supports ALJ's tacit determination that neither sub-part of the second prong of the *Walters'* test was met in this case.  (R&R at 10-12).  Plaintiff's objection is therefore denied.

### D.  Objection # 4

In her report, the Magistrate Judge identified four factors upon which the ALJ relied in determining that Plaintiff's complaints of disabling pain were not totally credible. (R&R at 9.)  One of these factors is that after undergoing a depressive lumbar laminectomy in May of 2002, Plaintiff had not been hospitalized and no surgery had been "planned or recommended".  (*Id.*)  In her fourth objection, Plaintiff argues that the Magistrate Judge "merely notes this finding . . . but fails to address it." (Obj. at 12.)

Plaintiff asserts that the fact that more aggressive treatment had not been recommended after her lumbar laminectomy bears no weight on her credibility and that, in any event, the ALJ's statement is unsupported by the record. (*Id.* at 12-13.)

The court first finds that the ALJ's statement is supported by substantial evidence. Plaintiff does not contend that surgery or hospitalization was in fact "planned or recommended." On this basis alone, the court would leave undisturbed the ALJ's findings. The court also finds, however, that this fact bears at least some weight on Plaintiff's credibility. The ALJ properly concluded that the lack of continued aggressive treatment following Plaintiff's surgery suggests that Plaintiff's condition had improved. Indeed, on July 1, 2002, Dr. Gerald R. Schell noted that Plaintiff's "back seems to be healing." (Tr. 269.) On August 9, 2002, Dr. Schell stated that "she is making good progress." (Tr. 336.) In light of these statements, and the fact that, indeed, no further surgery or hospitalization had been recommended, the court finds that the ALJ's determination that Plaintiff's complaints of pain were not totally credible is supported by substantial evidence.

The second part of Plaintiff's fourth objection relates to the application of the *Walters* test, also set forth *Duncan v. Secretary of Health and Human Services,* 801 F.2d 847, 853 (6th Cir. 1986). For the reasons discussed above, the court finds that the Magistrate Judge correctly reviewed the ALJ's credibility determination with respect to Plaintiff's allegations of pain under *Walters*. Plaintiff's fourth objection is thus denied.

### E.  Objection # 5

In Plaintiff's fifth objection, Plaintiff argues that the Magistrate Judge erred in her review of the ALJ's conclusion with respect to Plaintiff's daily activities. Specifically, the

7

ALJ concluded that Plaintiff's activities were inconsistent with her complaints of disabling pain.  (Tr. 19.)  The Magistrate Judge stated in her report that "Plaintiff's activities of daily living, as reported by her, do not appear to be extensive.  However, in light of the activities described above, the court cannot say that the ALJ erred in weighing this factor against [P]laintiff."  (R&R at 13.)  While Plaintiff argues that Plaintiff's daily activities do not justify questioning her credibility, the court finds the Magistrate Judge's analysis of the issue to be exactly correct.  It is true that Plaintiff's activities, as correctly outlined by the Magistrate Judge, are not "extensive."  Nonetheless, they are strenuous enough to justify the ALJ's determination.  Plaintiff's objection is therefore denied.

Having independently reviewed the Magistrate Judge's report, the court finds her analysis to be thorough and supported by the relevant authority.  The Magistrate Judge identified and applied the appropriate standard of review to the particular facts of this case:

> A finder of fact in reviewing the record in the first instance might reasonably conclude that [P]laintiff's allegations of disabling pain are credible.  However, it is not the role of the court to make credibility determinations or to resolve conflicts in the record regarding credibility.  Rather, that function is within the province of the ALJ.  The court's sole function is to determine whether the ALJ's findings are supported by substantial evidence.  [*See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).]  Here the ALJ resolved the conflicts in the evidence and found that [P]laintiff's allegations of disabling pain were only partially credible.  The court concludes, based upon the lack of objective medical findings consistent with the level of pain [P]laintiff has reported, the lack of recent treatment history for her neck and shoulder impairments, and her activities of daily living, that there is substantial evidence in the record to support the ALJ's determination that [P]laintiff's allegations of pain were only partially credible."

(R&R at 14.)  This analysis is persuasive and, under the circumstances, decisive.  The court will therefore adopt the report in total and incorporate it by reference.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 13] are DENIED and the Magistrate Judge's February 8, 2007 report and recommendation [Dkt. # 12] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.  IT IS FURTHER ORDERED that Defendant's motion for summary judgment  [Dkt. # 9] is GRANTED and Plaintiff's motion for summary judgment  [Dkt. # 6] is DENIED.

         s/Robert H. Cleland  
         ROBERT H. CLELAND  
         UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2007, by electronic and/or ordinary mail.

         s/Lisa Wagner  
         Case Manager and Deputy Clerk  
         (313) 234-5522